**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CHRISTOPHER CHARLES ROGERS,  :

    Petitioner,  :

vs.  :    CA 17-0288-KD-MU

CYNTHIA STEWART, et al.,  :

    Respondents.

**REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon petitioner's failure to prosecute his case and his failure to comply with the Court's order dated July 19, 2017 (Doc. 8).

Christopher Charles Rogers filed a petition in this Court on June 8, 2017 seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, at 5). Because Rogers' habeas action was not on this Court's correct form,[1] the undersigned initially entered an order that mistakenly attached this Court's form for a § 2254 habeas corpus action. (Doc. 3). In response, Petitioner informed this Court that his petition was brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254 (Doc. 4), and though he eventually completed the § 2254 form complaint sent to him, and filed it in this Court on July 14, 2017, he repeatedly stated this form petition was being brought in accordance with 28

---

[1]     His IFP motion was also not filed on this Court's form. (*See* Doc. 3.)

U.S.C. § 2241 (*see* Doc. 6, at 1, 2, 3, 6, 7 & 11). That same date, July 14, 2017, Rogers also filed his motion to proceed without prepayment of fees and costs. (Doc. 7.) Following a review of these pleadings, the undersigned entered an order on July 19, 2017, and therein directed Rogers to "remit to the Clerk of the United States District Court for this District, within twenty-one (21) days, a money order for $5.00 made payable to 'Charles R. Diard, Jr., Clerk.'" (Doc. 8, at 1). Petitioner was informed that his "[f]ailure to comply with this order in a timely manner will result in the dismissal of this action." (*Id.; see also id.* ("If the money order is not timely received by the Clerk, the Clerk is directed to forward this file to the Magistrate Judge for dismissal for failure to prosecute.")). To date, Rogers has not complied with this Court's order instructing him to remit the $5.00 filing fee. (*See* Docket Sheet).

On August 2, 2017, Rogers did file a completed § 2241 petition (*see* Doc. 9) and a "Request to review First Motion Filed." (Doc. 10). By order dated August 8, 2017 (Doc. 11), the undersigned denied Petitioner's "Request to review First Motion Filed" (*see* Doc. 10), which sought to have this Court construe his petition as being filed under 28 U.S.C. § 2242. (*See* Doc. 11, at 3). The order entered on August 8, 2017 did not in any manner extend the time by which Rogers was to remit the $5.00 filing fee because he nowhere asked for an extension of time to pay (*compare* Doc. 11 *with* Doc. 10 and Doc. 9); instead, the Order simply instructed the Clerk of Court to serve a copy of the § 2241 petition filed on August 2, 2017 (*see* Doc. 9) "**if** a money order in the amount of $5.00 is timely received from Rogers (*see* Doc. 8)[.]" (Doc. 11, at 4).

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*,

370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Petitioner has not responded to that portion of the Court's order dated July 19, 2017 requiring him to remit the $5.00 filing fee within twenty-one (21) days (*compare* Docket Sheet *with* Doc. 8); therefore, it is recommended that the Court **DISMISS** Rogers' action pursuant to Fed.R.Civ.P. 41(b) based upon his failure to prosecute this action by following this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); F̲ED̲.R.C̲IV̲.P. 72(b); S.D.A̲LA̲. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 5th day of September, 2017.

                              s/P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**